Adam Vazquez YANEZ; Rosa Elva
Vazquez, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–75780.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Adam Vazquez Yanez, Orange, CA, pro
se.

Rosa Elva Vazquez, Orange, CA, pro se.

CAC–District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. LeFevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Barry J. Pettinato, Esq., Jamie M. Dowd,
Esq., U.S. Department of Justice, Civil
Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON and BEA,
Circuit Judges.

MEMORANDUM **

Adam Vazquez Yanez and Rosa Elva
Vazquez petition for review of the Board of
Immigration Appeals' ("BIA") order up-

holding an immigration judge's decision
denying their application for cancellation
of removal and denying their motion to
remand proceedings based on new evidence. *See Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003)
("Under BIA procedure, a motion to remand must meet all the requirements of a
motion to reopen and the two are treated
the same."). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252.
We review de novo claims of constitutional
violations in immigration proceedings. *See
Ram v. INS*, 243 F.3d 510, 516 (9th Cir.
2001). We dismiss in part and deny in
part the petition for review.

We lack jurisdiction to review the IJ's
discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying
relative. *See Romero–Torres v. Ashcroft*,
327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that the agency
deprived them of due process by misapplying the law to the facts of their case does
not state a colorable due process claim.
*See Martinez–Rosas v. Gonzales*, 424 F.3d
926, 930 (9th Cir.2005) ("traditional abuse
of discretion challenges recast as alleged
due process violations do not constitute
colorable constitutional claims that would
invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th
Cir.2001) (holding that the "misapplication
of case law" may not be reviewed).

Petitioners contend the immigration
judge violated his due process rights by
not allowing them more time to obtain
evidence regarding the psychological and
physical health of their U.S. citizen daughter. The BIA considered the additional

---

* The panel unanimously finds this case suitable
  for decision without oral argument. *See* Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence, however, and found that it did not satisfy the hardship standard. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge). We are not persuaded that Lopez's removal results in the deprivation of his children's cognizable rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

Finally, the evidence Petitioners presented with their motion to remand concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.